UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

BEREAN BAPTIST CHURCH OF
ORANGE PARK, INC.,

Debtor.                                                         Case No: 3:10-bk-4791

## MOTION TO TERMINATE STAY

First Bank, ("Movant"), by and through its undersigned counsel, pursuant to Section 362(d) of the Bankruptcy Code, moves this Court to terminate the automatic stay and alleges:

1.  Berean Baptist Church of Orange Park, Inc. ("Debtor") is a Florida not for profit corporation.

2.  Berean filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 2, 2010, within days of a Court ordered foreclosure sale of Church property.

3.  First Bank holds a pre-petition lien to the real and personal property and a post petition lien to the cash collateral of Debtor.

4.  Debtor owns real property located in Clay County, Florida described as:

Lots 13 and 14 Block 3 of ORANGE PARK ACRES, according to the Plat thereof as recorded in Plat Book 4, Pages 69-70, of the public records of Clay County, Florida.
Parcel No: 330426013132-000-00

5.  Debtor owns personal property including but not limited to inventory, equipment, and post petition receivables.

6.  Movant holds a lien to the assets of Movant. Movant's mortgage has been reduced to a foreclosure judgment, Exhibit A. Movant also holds a security agreement and

a recorded UCC-1. Finally, Movant holds a post-petition lien to cash collateral, Exhibit B.

7. Debtor has no equity in the property.

8. The debt of Movant exceeds the value of the property of Debtor.

9. The property is not necessary of a successful reorganization in that Debtor fails to generate sufficient income through charitable gifts or the operation of its school to meet even income only debt service on the mortgage.

10. Debtor cannot adequate protect Movant for its continued use of the property.

Wherefore, Movant requests the Court terminate the automatic stay and grant such other and further relief as may be appropriate.

I hereby certify that I have furnished a true copy of the foregoing, by U. S. mail, postage prepaid, this 31st day of January, 2011, to: Berean Baptist Church of Orange Park, Inc. , Debtor, 4459 U.S. Hwy 17 S, Fleming Island, FL 32003; Bradley Markey, Attorney for Debtor; 50 N. Laura Street, Suite 1600, Jacksonville, FL 32202; Office of U.S. Trustee, 135 W. Central Ave., Room 620, Orlando, FL 32802; and the Rule 1007(d) List of 20 Largest Unsecured Creditors and Parties In Interest, at the address disclosed on the attached mailing matrix obtained from the Clerk's website on January 31, 2011.

/s/ Lance Paul Cohen
Lance Paul Cohen, Esq.
Fla. Bar No: 283584
COHEN & THURSTON, P.A.
1723 Blanding Blvd., Suite 102
Jacksonville, FL 32210
904/388-6500
Fax 904/387-4192
Cohenthurston@cs.com
Attorney for Movant

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:10-bk-04791-PMG<br>Middle District of Florida<br>Jacksonville<br>Mon Jan 31 17:02:49 EST 2011 | Advanta Platinum Credit Card<br>P.O. Box 8088<br>Philadelphia, PA 19101-8088 | American Express<br>P.O. Box 360002<br>Ft. Lauderdale, FL 33336-0002 |
| American Express Gold<br>P.O. Box 36001<br>Ft. Lauderdale, FL 33336-0001 | Apple, Inc.<br>P.O. Box 41602<br>Philadelphia, PA 19101-1602 | AvMed, Inc.<br>D860363<br>Orlando, FL 32886-0363 |
| Barry Fuller & Associates<br>2301 Park Ave., #401<br>Orange Park, FL 32073-5568 | Berean Baptist Church of Orange Park<br>4459 U.S. Hwy. 17 S.<br>Fleming Island, FL 32003-7875 | Brian M. Healy<br>1184 Buccaneer Blvd.<br>Green Cove Springs, FL 32043-2360 |
| Christpher H. Fox<br>1496 Laurel Oak Dr.<br>Fleming Island, FL 32003-8340 | Clay Electric Cooperative<br>P.O. Box 308<br>Keystone Heights, FL 32656-0308 | De Lage Landen Financial Service<br>1111 Old Eagle School Rd.<br>Wayne, PA 19087-1453 |
| DuVal Fields Consulting, LLC<br>428 Walnut St.<br>Green Cove Springs, FL 32043-3444 | First Bank<br>a/f Lance P. Cohen<br>1723 Blanding Blvd, Suite 102<br>Jacksonville, FL 32210-1947 | GE Money Bank<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Ave, Suite 1120<br>Miami, FL 33131-1605 |
| J. Samuel Farber<br>3719 Constancia Dr.<br>Green Cove Springs, FL 32043-8069 | James R. Stanley<br>4218 Mustang Rd.<br>Middleburg, FL 32068-3765 | Jerry D. Wright<br>3371 Turkey Creek Dr.<br>Green Cove Springs, FL 32043-8030 |
| Jimmy L. Hudson<br>2000 Eclipse Dr.<br>Middleburg, FL 32068-7749 | Bradley R Markey<br>Stutsman, Thames & Markey P.A.<br>50 N Laura Street Suite 1600<br>Jacksonville, FL 32202-3614 | Modular Space Corporation<br>12603 Collections Center Dr.<br>Chicago, IL 60693-0126 |
| Southland Waste Systems<br>P.O. Box 9001772<br>Louisville, KY 40290-1772 | Staples Credit Card<br>P.O. Box 689020<br>Des Moines, IA 50368-9020 | Terence W. and Heidi L. Barfield<br>2734 Country Club Blvd.<br>Orange Park, FL 32073-5712 |
| United States Trustee - JAX 11 11<br>135 W Central Blvd, Suite 620<br>Orlando, FL 32801-2440 | William C. McSpadden<br>2803 Paces Ferry Rd. W.<br>Orange Park, FL 32073-6548 | End of Label Matrix<br>Mailable recipients   25<br>Bypassed recipients    0<br>Total                 25 |

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR CLAY COUNTY, FLORIDA

FIRST BANK, a foreign corporation
    Plaintiff,

vs.                                                Case No.: 2009-CA-3338

BEREAN BAPTIST CHURCH OF ORANGE PARK, INC.,
a Florida non-profit corporation a/k/a BEREAN
BAPTIST CHURCH,

    Defendant.
_____/

## FINAL SUMMARY JUDGMENT

THIS CAUSE having come on to be heard upon Plaintiff's Motion for Final Summary Judgment, the Court having reviewed the pleadings and affidavits filed herein and finding therefrom that all Defendants have been properly served with process in this cause and having further concluded that Defendants have failed to raise any defenses or issues in any Answer to the Complaint that would avoid entry of a Final Summary Judgment; that the hourly rate and time expended by Plaintiff's counsel, as set forth in the Affidavit in Support of Award for Reasonable Attorney's Fees and Affidavit of D. Robert Hoyle, are reasonable and form the basis for the attorney's fee awarded below; and that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law, it is

ORDERED AND ADJUDGED

1.    The equities of this action are in favor of First Bank and First Bank is entitled to foreclose its mortgage. Plaintiff, whose address is 16900 Goldenwest Street, Huntington Beach, CA 92647, is due from Defendant $5,629,609.17 as principal, $476,791.47 as interest through the date of this Judgment, $350.00 in title search fees, $2,265.00 in court costs, and $7,407.50 in attorney's fees, based upon 16.85 hours at the hourly rate of $300.00, for a total sum of $6,116,423.14.

2.    First Bank holds a lien for the total sum set forth in Paragraph 1 above which is superior to any claim, interest, or estate of Defendants on the following described property located

property described herein and the purchaser or purchasers at the sale shall be let into possession of the property, and the Clerk of the Circuit Court is hereby ordered to issue a Writ of Possession upon demand by the purchaser or purchasers.

8. The Court reserves jurisdiction of the parties and of this cause for the purpose of (a) hearing such motions as First Bank may file for the issuance of a Writ of Possession; (b) determining the claims in and to any cash surplus that may be produced at the foreclosure sale; (c) awarding supplementary attorney's fees; and (d) granting such other and further relief as may be appropriate including a deficiency judgment.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, (CLAY COUNTY CLERK OF COURT, JAMES B. JETT, CLAY COUNTY COURTHOUSE 825 NORTH ORANGE AVE., P.O. BOX 698, GREEN COVE SPRINGS, FL 32043 (904)284-6300, ) WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE

in Clay County, Florida.

Lots 13 and 14, Block 3 of ORANGE PARK ACRES, according to the plat thereof as recorded in Plat Book 4, Page(s) 69-70, of the Public Records of Clay County, Florida. Parcel No. 330426-013132-000-00.

3. If the total sum set forth in Paragraph 1 above, with interest at the rate prescribed by law and costs of this action accruing subsequent to the date of this Judgment, are not paid, the Clerk of this Court shall sell the property at public sale on _June 4th_, 2010, at _10 AM_; to the highest bidder for cash except as hereinafter set forth, at the Front Steps of the Clay County Courthouse, 825 North Orange Ave., Green Cove Springs, FL 32043, in accordance with Section 45.031, Fla. Stat.

4 First Bank shall advance all subsequent costs of this action, and shall be reimbursed for them by the Clerk if first Bank is not the purchaser of the property at the sale. If First Bank is the purchaser, the Clerk shall credit First Bank's bid with the total sum due it pursuant to Paragraph 1 of this Judgment, together with interest and costs accruing subsequent to the date hereof, or such part thereof as is necessary to pay the bid in full.

5. On filing the Certificate of Title with respect to the property described herein, the Clerk shall distribute the proceeds of the sale in the following manner: First, to all of First Bank's costs; second, to the balance of the sum due First Bank as set forth in paragraph 1 hereof, plus interest at the rate prescribed by law to the date of sale; and shall retain any amount remaining pending the further order of this Court.

6 The successful bidder and purchaser at the foreclosure sale of the real property described above shall pay any documentary stamps and Clerk's fees related to the issuance of the Certificate of Title to be issue by the Clerk to the successful bidder and purchaser.

7. On filing the Certificate of Title with respect to the property described herein, Defendants and all persons claiming by, through, under or against Defendants since the filing of the Lis Pendens of this action shall be foreclosed of all estate, interest, or claim in the real

ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (JACKSONVILLE AREA LEGAL AID, INC, 3540 HIGHWAY 17, SUITE 101, GREEN COVE SPRINGS, FL 32043 (904) 284-8410) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT JACKSONVILLE AREA LEGAL AID, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in chambers at Green Cove Springs, Clay County, Florida, this 5th day of April, 2010.

HON. William Wilkes
Circuit Court Judge

Conformed copies to:
W Nelon Kirkland, Esq.
Barry J. Fuller, Esq.

4

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR CLAY COUNTY, FLORIDA

FIRST BANK, a foreign corporation
    Plaintiff,

vs                                                      Case No.: 2009-CA-3338

BEREAN BAPTIST CHURCH OF ORANGE PARK, INC.,
a Florida non-profit corporation a/k/a BEREAN
BAPTIST CHURCH,

    Defendant.

_____/

## NOTICE OF SALE

Notice is hereby given pursuant to the Final Summary Judgment entered April 5, 2010 in the above noted case, that I will sell the following property situated in Clay County, Florida, described as:

    Lots 13 and 14, Block 3 of ORANGE PARK ACRES, according to the plat thereof as recorded in Plat Book 4, Page(s) 69-70, of the Public Records of Clay County, Florida. Parcel No. 330426-013132-000-00

at public sale, to the highest and best bidder for cash at 10:00 a.m., on JUNE 4, 2010 on the Front Steps of the Clay County Courthouse, 825 North Orange Ave., Green Cove Springs, FL 32043. The highest bidder shall immediately post with the Clerk, a deposit equal to 5% of the final bid or $1,000.00, whichever is less. The deposit must be cash or cashier's check payable to the Clerk of Court. Final payment must be made on or before 4:00 p.m. of the date of the sale by cash or cashier's check.

Any person claiming an interest in the surplus from the sale, if any, other than the property owner as of the date of the complaint must file a claim within 60 days after the sale.

                                                                               JAMES B. JETT

DATED   APRIL 5, 2010                                     Clerk of the Court



                                                         By:

W. NELON KIRKLAND, ESQUIRE
HARRISON, KIRKLAND, PRATT & MCGUIRE, P.A.
P.O. Box 400
Bradenton, FL 34206
(941) 746-1167
Florida Bar #470392
Attorney for Plaintiff

For Publication in the Clay Today

Billing to:

W. Nelon Kirkland, Esquire
Harrison, Kirkland, Pratt & McGuire, P.A.
P.O. Box 400
Bradenton, FL  34206
Attorneys for Plaintiff

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BEREAN BAPTIST CHURCH OF ORANGE PARK, INC.[1], a Florida corporation, | ) ) ) | Case No.: 10-bk-4791 |
| Debtor. | ) ) | |

## STIPULATION BETWEEN FIRST BANK AND DEBTOR REGARDING CONTINUED USE OF CASH COLLATERAL

Debtor, Berean Baptist Church of Orange Park, Inc. ("Debtor" or "Berean"), and secured creditor, First Bank (the "Bank" or "First Bank"), stipulate as follows:

1.  On June 2, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its properties and managing its business, as debtor in possession, pursuant to §§ 1107(a) and 1108.

2.  Prior to the Petition Date, First Bank held a valid, perfected security interest in Berean's assets, including deposit accounts, accounts receivable and proceeds from the collection of accounts receivable (the "cash collateral") to secure an indebtedness of approximately $5.7 million. Pursuant to 11 U.S.C. § 363(c)(2), Berean is precluded from using the cash collateral of First Bank absent the consent of First Bank or order of the Court.

---

[1] The tax identification number of the Debtor is 59-1588812. The address of the principal office of the Debtor is 4459 Highway 17 South, Orange Park, Florida 32003.

3. Accounts receivable as of the Petition Date amounted to $35,110.85. In addition, Berean held approximately $6,000 in deposit accounts as of the Petition Date.

4. First Bank and Berean have agreed to the continued consensual use of First Bank's cash collateral as provided herein.

5. Berean is authorized to use First Bank's cash collateral through March 31, 2011, or such other period as Berean and First Bank subsequently may agree in writing (the "Cash Collateral Period") only upon the terms and conditions in this stipulation and as approved by order of the Court, and may use First Bank's cash collateral solely for the purposes and in the amounts contemplated by the budget attached hereto as Exhibit "A" (the "Budget"), provided however that Berean may not exceed the aggregate monthly expenses set forth in the Budget by more than $10,000 without consent or further order of the bankruptcy court. The Budget may be periodically amended by Berean after Berean has given First Bank written notice of the proposed amendment, has provided all information available and reasonably required in connection with the consideration of such amendment to First Bank, and First Bank (i) does not object in writing within five business days after receipt of all such information, or (ii) does not request any such information and does not object in writing within five business days after receipt of such notice. If First Bank fails or refuses to approve a proposed amendment to the Budget, Berean may apply to the bankruptcy court for approval of such amendment, or as provided in paragraph 7 hereof.

6. All receivables generated by Berean shall be deposited into Berean's DIP Account. Berean may disburse from the DIP Account only such payments or disbursements that are approved herein or approved by the Bankruptcy Court. All

disbursements from the DIP Account shall be accounted for in the monthly debtor in possession operating reports to be filed by Berean with the Bankruptcy Court.

7. Berean is authorized to use the cash collateral to pay the fees which become due and payable to the United States Trustee as provided for in 28 U.S.C. § 1930(a)(6) and to professional fees awarded by the bankruptcy court pursuant to 11 U.S.C. § 328, if any, during the Cash Collateral Period.

8. First Bank was granted a replacement lien on and security interest in currently owned and hereafter acquired accounts receivable by prior order of this Court. The security interest and replacement lien is continuing in nature. The continuing replacement lien and security interest is deemed by the parties to be sufficient adequate protection for Debtor's use of cash collateral as provided herein. The replacement lien and security interest in all currently owned and hereafter acquired accounts receivable shall continue in the same dignity as existed as of the Petition Date.

9. The lien and security interest previously granted and continuing herein shall be valid and perfected and need not be further perfected by the execution or filing of any further document or instrument otherwise required to be filed under applicable non-bankruptcy law.

10. In the event Berean fails to meet any obligation required herein within five (5) business days after notice thereof by First Bank to Berean, such event shall be considered an event of default. Upon the occurrence of an event of default, Berean shall be prohibited from any further use of cash collateral, and First Bank may apply to the Bankruptcy Court for further relief, without prejudice to the rights of Berean to object to

any such relief and to request authorization to use cash collateral notwithstanding the alleged event of default.

11.  Berean's authority to use cash collateral as provided herein shall terminate immediately upon the earliest to occur of (i) 12:01 a.m. on Monday, April 1, 2011; (ii) the appointment of a Chapter 11 trustee in Berean's case, (iii) confirmation of a plan of reorganization in Berean's case, (iv) a sale of substantially all of Berean's assets pursuant to § 363 of the Bankruptcy Code, (v) the conversion of Berean's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, (vi) the dismissal of Berean's Chapter 11 case, or (vii) a default in the performance or observance of any material provision of this order.

DATED this 29th day of December, 2010.

COHEN & THURSTON, P.A.

By _____
Lance Paul Cohen

Florida Bar Number 283584
1723 Blanding Boulevard, Suite 102
Jacksonville, Florida 32210
(904) 388-6500
(904) 387-4192 (Facsimile)
cohenthurston@cs.com

Attorneys for First Bank

STUTSMAN THAMES & MARKEY, P.A.

By _____
Bradley R. Markey

Florida Bar Number 0984213
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
brm@stmlaw.net

Attorneys for Berean Baptist Church of Orange Park, Inc.